UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SHANE MICHAEL STEPHENS, | ) | CASE NO. 5:17 CV 159 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| SUMMIT COUNTY JAIL, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On January 23, 2017, Plaintiff *pro se* Shane Michael Stephens, an inmate at the Summit County Jail, filed the above captioned action under 42 U.S.C. § 1983 against the jail and its medical staff. Plaintiff alleges in the Complaint that he was not treated for several days for a bad headache. He was then transported to a hospital and received treatment for a head infection. He further alleges he was not provided his medication list and a pamphlet showing possible side effects of his medications, that he may have been given a water pill by mistake, and that he has not been taken for follow up appointments.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000).

Even construing the Complaint liberally, Plaintiff fails to state a valid claim for relief. Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate Eighth Amendment protections. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825. 837. Mere negligence will not suffice. *Id.* at 835-36. Consequently, allegations of medical malpractice, negligent diagnosis, or negligent treatment fail to state an Eighth Amendment claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Plaintiff's allegations simply do not describe conduct indicating a degree of culpability giving rise to a constitutional violation.

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 3/13/17